**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| SHAKINA SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br>v.<br><br>JAX LLC d/b/a GOLDEN CORRAL<br><br>Defendant. | Civil Action No.: 3:19-cv-00707<br><br>COMPLAINT<br>AND DEMAND FOR JURY TRIAL |

**COMPLAINT – COLLECTIVE AND CLASS ACTION**

Shakina Smith ("Plaintiff"), on behalf of herself and all persons similarly situated, brings this collective and class action lawsuit against Defendant Jax LLC d/b/a Golden Corral ("Defendant" or "Jax"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. Ann. §§ 95-25.1–95-25.25 (the "NCWHA"), which governs North Carolina employers' state wage and hour obligations. Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b), a class action under Fed. R. Civ. P. 23, and a civil action under the NCWHA, N.C. Gen. Stat. Ann. § 95-25.22(a)(b).

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) & 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's NCWHA claims under 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## PARTIES

### Plaintiff Shakina Smith

4. Plaintiff Shakina Smith is an adult individual residing at 810 Agape Drive, Mooresville, North Carolina, 28115.

5. Plaintiff was employed as a "Server" by Defendant, from approximately September 2016–October 2018, at one of their Golden Corral restaurants in Mooresville, North Carolina.

6. At all relevant times, Plaintiff was a covered employee under the FLSA and equivalent North Carolina law.

7. Plaintiff has consented to join this lawsuit as a party Plaintiff. Her signed consent form is attached hereto as **Exhibit A.**

### Defendant Jax LLC d/b/a Golden Corral Restaurant

8. Defendant Jax LLC d/b/a Golden Corral ("Jax" or "Defendant") has its principal place of business at 714 Royal Court, Charlotte, North Carolina, 28202.

9. Jax is a well-established franchisee of Golden Corral. Jax owns, operates, and transacts business at fifteen (15) Golden Corral restaurants across North Carolina, South Carolina, and Pennsylvania, including the Golden Corral Restaurant in Mooresville, North Carolina.

10. At all relevant times, Plaintiff worked for Defendant at its Mooresville, North Carolina restaurant.

11. At all relevant times, Defendant was Plaintiff's employer, and maintained control, oversight, and direction over Plaintiff, including but not limited to: hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

12. Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

13. Defendant is an employer covered by the record-keeping, minimum wage, and overtime pay mandates of the FLSA and equivalent North Carolina law.

## FACTUAL ALLEGATIONS

14. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

15. Defendant employs "Servers," including Plaintiff, at its Golden Corral restaurants.

16. Golden Corral is a buffet-style restaurant, where patrons do not order food from Servers, but rather serve themselves from the existing buffet stations.

17. Servers at Defendant's Golden Corral restaurants do not take food orders from patrons, and are only responsible for taking drink orders.

18. Defendant pays Plaintiff and other Servers a sub-minimum hourly wage of approximately $2.13.

19. Defendant utilizes a "tip credit" for each hour worked by Plaintiff and other Servers to satisfy the FLSA and NCWHA mandate that employees receive a minimum wage of at least $7.25/hour.

20. Moreover, Defendant maintains a company-wide policy and practice of requiring Plaintiff and other Servers at its Golden Corral restaurants to spend more than twenty percent

(20%) of their time performing non-tip producing work, which includes, but is not limited to: restocking ice, wiping down tables and chairs, stocking condiments, sanitizing walls, and performing detailed cleaning of the restaurant.

21. The non-tip producing work does not aid Plaintiff or other Servers in earning tips from restaurant patrons.

22. Defendant maintains a company-wide policy and practice of requiring Plaintiff and other Servers to perform non-tip producing jobs throughout their work shifts.

23. Plaintiff and other Servers routinely spend more than twenty percent (20%) of their work time performing non-tip producing work every shift. In fact, Plaintiff estimates that she and other Servers that she has worked with have spent approximately forty–fifty percent (40%–50%) of their time each shift performing various non-tip producing chores.

24. Defendant also maintains a company-wide policy and practice of requiring Plaintiff and other Servers to perform non-tip producing work both before being assigned their first table during a shift and after Servers have been cut from the floor and have completed all serving duties at the end of a shift.

    a. Plaintiff estimates that, before table service begins, she and other Servers spend approximately one hour (1) per shift performing non-tip producing job duties; and

    b. Plaintiff estimates that, after table service has concluded, she and other Servers spend approximately thirty minutes (30) per shift performing non-tip producing job duties.

25. Defendant routinely pays a sub-minimum hourly wage of approximately $2.13 while Plaintiff and other Servers perform non-tip producing work.

# RULE 23 CLASS ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself, individually, and as a class action pursuant to Fed. R. Civ. P. 23(a) & (b)(3) on behalf of the following Class, subject to expanding or narrowing as appropriate in a motion to certify based on continuing investigation and discovery:

   a. **North Carolina Class:** All persons who worked for Defendant as "Servers" at any Golden Corral restaurant location in the State of North Carolina and were compensated with a tip credit at any time from three (3) years prior to filing this complaint.

27.     Excluded from the class(es) are: (a) any judge or magistrate presiding over this action and members of their families; (b) any Defendant and/or Third Party Defendant and any entity in which any Defendant and/or Third-Party Defendant have a controlling interest or which has a controlling interest in any Defendant and/or Third-Party Defendant and its legal representatives, assigns, and successors; and (c) all persons who properly execute and file a timely request for exclusion.

28.     *Numerosity.* On information and belief, there are likely hundreds of individuals whom Defendant employed as Servers at its Golden Corral restaurants within three (3) years of filing the complaint. Defendant maintains numerous restaurants, all of which employ several Servers. Although the exact number of such persons is currently unknown, Defendant's record systems contain information on the identities and location of all such parties. Because Defendant has exclusive control of such information, Plaintiff reserves her right to amend her allegations following completion of relevant discovery from Defendant. Given the nature and extent of

Defendant's activities within the State of North Carolina, the members of the Class are likely so numerous that joinder of all members is impracticable.

29. *Commonality*. Plaintiff's claims involve questions of law and fact common to the Class. Among these common questions of law and fact are:

   a. Whether Defendant applied a tip credit to all Servers' wages;

   b. Whether Defendant paid adequate minimum wage rates to their tipped-employees as required by state and Federal law;

   c. Whether Defendant had a policy and practice of requiring Servers to spend more than twenty percent (20%) of their shifts performing non-tip producing job duties; and

   d. Whether Servers performed more than *de minimus* periods of time performing only non-tipped job duties prior to being seated with their first table and after completing service of their last table.

30. *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, Plaintiff held the same title, performed the same job duties, and was compensated in the same manner as members of the Class.

31. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent counsel, experienced in class litigation, and has no conflict of interest with other Class members in the maintenance of this class action. In addition, Plaintiff has no relationship with Defendant except as a former employee. Plaintiff's interests are antagonistic to the interests of Defendant and Plaintiff will vigorously pursue the claims of the Class.

32. ***Predominance and Superiority.*** Further, there are questions of law or fact common to Class members that predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because:

    a. The damages suffered by each individual class member may be relatively small, thus the expense and burden of individual litigation makes it impracticable for members of the Class to individually seek damages;

    b. Plaintiff is unaware of any litigation currently undertaken by any current or former employees to adjudicate this dispute;

    c. Class members, to the extent they are aware of their rights against Defendant herein, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages, the lack of financial resources of many members of the Class, and the fear of retaliation for filing suit, so that a class action is the only feasible means of recovery for the Class members; and

    d. Plaintiff envisions no difficulty in the management of this action as a class action. Damages may be calculated with mathematical precision from information contained in Defendant's records, so that the cost of administering any recovery can be minimized. Defendant's records will also reveal the name and location of all staff members employed with Defendant, which will make notifying all Class members simple and straightforward.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

34. Plaintiff brings this action for violations of the FLSA as both an individual and as a collective action on behalf of Plaintiff and all persons who worked for Defendant as "Servers" at any Golden Corral restaurant and were compensated with a tip credit at any time from three (3) years prior to filing the complaint to the present ("Nationwide Collective Members").

35. Plaintiff brings this action pursuant to FLSA, 29 U.S.C. § 216(b).

36. During all times relevant herein, Plaintiff and Nationwide Collective Members were subjected to an unlawful compensation system put in place by Defendant.

37. Plaintiff and Nationwide Collective Members are similarly situated. During the relevant time period, they have held similar job titles; have performed similar job duties and procedures; have been paid under similar pay provisions; and have all been subjected to Defendant's unlawful policies and practices as described herein.

38. Defendant's conduct was willful and without justification. At all relevant times, Defendant knew that its conduct was unlawful. A three (3) year statute of limitations applies to Plaintiff and Nationwide Collective Members' claims.

39. Plaintiff and Nationwide Collective Members have been damaged by Defendant's conduct. Defendant's conduct was the cause of Plaintiff and Nationwide Collective Members' harm.

# COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## VIOLATION OF THE DUAL JOBS PROVISION
## 29 U.S.C. §§ 201, *et seq*.

40. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41. Plaintiff brings this Count for violation of the dual jobs provision under the FLSA on behalf of herself and Nationwide Collective Members.

42. Under the tip credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub-minimum hourly wage and take a "tip credit" against its minimum wage obligations.

43. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that is unrelated to the employees' tipped occupation. *See e.g*., *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

44. Defendant violated the FLSA by requiring Plaintiff and other Servers to perform non-tip producing work that is unrelated to their tipped occupation, such as, *inter alia*, cleaning the walls, wiping the tables and chairs, getting ice, and cleaning the restaurant.

45. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. §§ 201, *et seq*. & 29 C.F.R. § 531.56(e) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to perform non-tip

producing work constituting a "dual job" that was unrelated to their tipped occupation, over the course of their regular workweek, as identified in the preceding paragraph.

46. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

47. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each applicable workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

48. Defendant knew, or should have known, that its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law.

49. Further, Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

50. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) VIOLATION OF THE TWENTY PERCENT (20%) RULE 29 U.S.C. §§ 201, *et seq*.

51. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52. Plaintiff brings this Count for violation of the twenty percent (20%) rule under the FLSA on behalf of herself and Nationwide Collective Members.

53. Under the tip credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

54. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that, although related to the employees' tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g., Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time'—defined as more than 20%—performing related but non-tipped duties should be paid at the full minimum wage for that time").

55. To the extent Plaintiff and other Servers' non-tip producing work (*e.g.*, stocking condiments, cleaning the walls, wiping the tables and chairs, getting ice, and cleaning the restaurant) is found to be related to their tipped occupation, Defendant violated the FLSA by requiring Plaintiff and other Servers to perform this non-tip producing work for more than 20% of their weekly work hours.

56. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. §§ 201, *et seq*. & 29 C.F.R. § 531.56(e) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to spend more than 20% of their work time performing related, but non-tip producing work.

57. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

58. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

59. Defendant knew, or acted with reckless disregard as to whether, its failure to pay Plaintiff and other Servers the full applicable minimum wage for time spent performing such non-tip producing work for more than 20% of their weekly hours, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

60. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III

### VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT (NCWHA) FAILURE TO PAY MINIMUM WAGES – TIPPED EMPLOYEES N.C. Gen. Stat. Ann. §§ 95-25.1–95-25.25.

61. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

62. Plaintiff brings this Count for failure to pay minimum wages under the NCWHA on behalf of herself and North Carolina Class Members.

63. At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiff and North Carolina Class Members within the meaning of the NCWHA.

64. At all times relevant herein, Plaintiff and North Carolina Class Members were/are "employees" within the meaning of the NCWHA.

65. The NCWHA, as a "state parallel" of the FLSA, prohibits an employer from utilizing a tip credit to satisfy its minimum wage obligations to an employee during time spent performing non-tip related tasks.

66. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than 20% of their shift performing non-tip producing job duties.

67. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

68. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to perform non-tip producing work that is unrelated to the employees' tipped occupation, while taking a tip credit against its minimum wage obligations.

69. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of compensating Plaintiff and North Carolina Class Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and North Carolina Class Members to spend substantial amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

70. Defendant willfully violated the NCWHA by failing to pay Plaintiff and North Carolina Class Members at least the applicable minimum wage of $7.25 per hour.

71. For violations of the NCWHA, Defendant is liable to Plaintiff and North Carolina Class Members for unpaid minimum wage compensation, liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

# COUNT IV

## VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT (NCWHA)
## FAILURE TO PAY MINIMUM WAGES – 20% RULE
## N.C. Gen. Stat. Ann. §§ 95-25.1–95-25.25.

72. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

73. Plaintiff brings this Count for failure to pay minimum wages under the NCWHA on behalf of herself and North Carolina Class Members.

74. At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiff and North Carolina Class Members within the meaning of the NCWHA.

75. At all times relevant herein, Plaintiff and North Carolina Class Members were/are "employees" within the meaning of the NCWHA.

76. Under the NCWHA, tipped wages are computed consistent with the FLSA. *See* N.C. Gen. Stat. Ann. §§ 95-25.1–95-25.25.

77. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than 20% of their shift performing non-tip producing job duties.

78. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

79. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of compensating Plaintiff and North Carolina Class Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and North Carolina Class

Members to spend substantial amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

80. Defendant willfully violated the NCWHA by failing to pay Plaintiff and North Carolina Class Members at least the applicable minimum wage.

81. For violations of the NCWHA, Defendant is liable to Plaintiff and North Carolina Class Members for unpaid minimum wage compensation.

## COUNT V

### VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT (NCWHA) FAILURE TO TIMELY PAY MINIMUM WAGES
### N.C. Gen. Stat. Ann. §§ 95-25.1–95-25.25.

82. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

83. Plaintiff brings this Count for failure to pay wages under the NCWHA on behalf of herself and North Carolina Class Members.

84. At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiff and North Carolina Class Members within the meaning of the NCWHA.

85. At all times relevant herein, Plaintiff and North Carolina Class Members were/are "employees" within the meaning of the NCWHA.

86. The NCWHA requires employers to promptly pay employees their wages.

87. Defendant violated the NCWHA by knowingly failing to pay Plaintiff and North Carolina Class Members the required minimum wage for all hours worked.

88. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of compensating Plaintiff and North Carolina Class Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and North Carolina Class

Members to spend substantial amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

89. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than 20% of each shift performing non-tip producing job duties.

90. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

91. At all times relevant herein, Defendant knowingly maintained a company-wide policy and practice of requiring Plaintiff and North Carolina Class Members to perform non-tip producing work that is unrelated to the employees' tipped occupation, while taking a tip credit against its minimum wage obligations.

92. Defendant's violation of the NCWHA was willful.

93. For violations of the NCWHA, Defendant is liable to Plaintiff and North Carolina Class Members for three (3) times the amount of unpaid minimum wages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **JURY DEMAND**

94. Plaintiff hereby demands a trial by jury in the above captioned manner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, Nationwide Collective Members, and North Carolina Class Members, respectfully seeks the following relief:

A. All unpaid minimum wages and overtime wages;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: December 23, 2019

*/s/ Scott C. Harris*
Scott C. Harris (NC Bar No. 35328)
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Tel.: (919) 600-5000
Fax: (919) 600-5003
scott@wbmllp.com

Gary E. Mason*
Danielle L. Perry*
**WHITFIELD BRYSON & MASON LLP**
5101 Wisconsin Avenue, Suite 305
Washington, D.C. 20016
Tel.: (202) 429-2290
Fax: (202) 429-2294
gmason@wbmllp.com
dperry@wbmllp.com

Nicholas A. Migliaccio*
Jason Rathod*
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, Suite 302
Washington, D.C. 20002
Tel.: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Peter Winebrake*
R. Andrew Santillo*
Mark Gottesfeld*
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
Tel.: (215) 884-2491
Fax: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*pro hac vice* admission anticipated         *Counsel for Plaintiff*