IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-707-RJC-DCK

| | |
|---|---|
| SHAKINA SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAX LLC d/b/a GOLDEN CORRAL,<br><br>Defendant. | STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND<br>PROTECTIVE ORDER |

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order for purposes of discovery pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of sensitive private and/or competitive or other sensitive confidential information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties and their counsel desire to facilitate the discovery of certain information and documents and to reasonably limit disclosure of Confidential Discovery Material that may be exchanged and produced now and in the future during the above-captioned litigation and have reached agreement as to the terms of this Stipulated Confidentiality Agreement and Protective Order ("Order");

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery

in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

1. This Order shall apply to all documents and things subject to discovery in this action produced either by a Party or a non-party in response to or in connection with any discovery concluded in this action, including without limitation, answers to interrogatories, documents, and things produced (including documents and things produced for inspection), responses to written and electronic discovery requests, and answers to requests for admission, testimony adduced at depositions upon oral examination or upon written questions, as well as any and all copies, abstracts, digests, notes, and summaries thereof (the "Discovery Material") and shall continue to apply to them during the entire pretrial phase of this litigation, including discovery, dispositive motion practice, and pretrial motion practice.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential-AEO Material" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. For the purposes of this Order, "Document" shall mean any written, typed, or printed matter of any kind, computer print-outs, sound recordings, electronic data, photographs, or any other media for preparing, duplicating, or recording written or spoken words.

4. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of information deemed confidential, including but not limited to:

(a) previously non-disclosed proprietary or confidential financial or business information (including without limitation profitability reports or estimates);

(b) previously non-disclosed proprietary or confidential material relating to ownership or control of any non-public company;

(c) previously non-disclosed proprietary or confidential business plans or marketing plans;

(d) any information of a personal or intimate nature regarding any individual or Party or any other confidential information such as confidential family or health information; or

(e) any other category of information this Court subsequently affords confidential status.

5. A Producing Party or its counsel may, to the extent permitted by this Order or a Court Order, designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" such Discovery Material that Producing Party or authorizing party deems in good faith to contain highly confidential information. This designation shall be strictly limited to Discovery Material that Producing Party believes in good faith would not

3

be sufficiently protected by being designated "Confidential Material." Material designated pursuant to this paragraph shall be referred to herein as "Confidential-AEO Material."

7. Material produced in this litigation and designated as for Confidential-AEO Material shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person or entity other than the following:

> (a) The attorneys of record for the party to which the records are produced (the "Receiving Party"), the employees and associates of the Receiving Party's attorneys of record who are involved in the prosecution or defense of this action, and their respective support staff and/or paralegals working with them on this matter;
>
> (b) The Court;
>
> (c) Any mediator appointed by the Court or engaged by the Parties;
>
> (d) Court reporters employed in connection with this litigation; and
>
> (e) Any outside experts and consultants retained by either Party.

8. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Confidential-AEO Material some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or as Confidential-AEO Material. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the appropriate confidential designation within seven business days of providing such notice.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling

regarding the admissibility at trial of any document, testimony, or other evidence; or (d) requiring that such evidence be kept under seal at the time of trial.

10. Where a Producing Party has designated Discovery Material as Confidential (but not Confidential-AEO Material), other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, as well as any appellate court considering this matter, and their respective support personnel, and court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(f), or 10(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. The provisions of this Order regarding "Confidential-AEO Material" shall not apply to documents or information that was, is, or becomes accessible to the public.

13. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. Designation of a document or other information as "Confidential-AEO Material" is not evidence and does not create a presumption that the document, information, or tangible thing is in fact confidential. A Party's failure to object to another Party's designation of any document or other information as "Confidential-AEO Material" shall not create a presumption, or constitute evidence or an admission that the designated document, tangible thing, or information is in fact confidential.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties are unable to resolve the issue after meeting and conferring, then the Party objecting to the designation may file a motion with the Court seeking a change in the confidentiality designation.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Nothing contained in this Order shall be construed as preventing any attorney for any party from seeking discovery of any documents marked as Confidential Discovery Material under this Order from seeking such documents in connection with the prosecution or defense of any other litigation or other legal proceedings.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Confidential-AEO Material pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, if requested by the Producing Party, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential

7

Discovery Material, except as provided herein. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents relied upon as supporting any claim or defense, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge

**SO STIPULATED AND AGREED**.

This 30th day of October, 2020

By: *s/ Nicholas A. Migliaccio*

    DANIELLE LYNN PERRY
    MASON LIETZ & KLINGER, LLP
    5101 Wisconsin Ave. NW, Ste. 305
    Washington, DC 20016
    202-429-2290
    Fax: 202-429-2294
    dperry@masonllp.com

    ROBERT ANDREW SANTILLO
    WINEBRAKE & SANTILLO, LLC
    715 Twining Road, Suite 211
    Dresher, NC 19025
    215-884-2491
    Fax: 215-884-2492
    asantillo@winebrakelaw.com

    SCOTT CRISSMAN HARRIS
    WHITFIELD BRYSON LLP
    900 W. Morgan Street
    Raleigh, NC 27603
    919-600-5000
    Fax: 919-600-5035
    scott@whitfieldbryson.com

    Nicholas A. Migliaccio
     (Admitted *pro hac vice*)
    Migliaccio & Rathod LLP
    412 H Street N.E., Suite 302
    Washington, D.C. 20002
    202-470-3520
    Fax: 202-800-2730
    nmigliaccio@classlawdc.com

*Attorneys for Plaintiff*

By: *s/Keith M. Weddington*

    PAUL DECAMP
     (Admitted *pro hac vice*)
    MAXINE A. ADAMS
     (Admitted *pro hac vice*)
    EPSTEIN, BECKER & GREEN, P.C.
    1227 25th Street, N.W., Suite 700
    Washington, D.C. 20037
    Tel: 202-861-0900
    Fax: 202-861-3571
    PDeCamp@ebglaw.com
    MAdams@ebglaw.com

    KEITH M. WEDDINGTON
    N.C. State Bar No. 14352
    TORY IAN SUMMEY
    N.C. State Bar No. 46437
    PARKER POE ADAMS & BERNSTEIN LLP
    620 South Tryon Street, Suite 800
    Charlotte, North Carolina 28202
    Tel: 704-335-9035
    Fax: 704-334-4706
    keithweddington@parkerpoe.com
    torysummey@parkerpoe.com

*Attorneys for Defendant*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-707-RJC-DCK

**SHAKINA SMITH, individually and on behalf of all others similarly situated,**

   **Plaintiff,**

 v.

**JAX LLC d/b/a GOLDEN CORRAL,**

   **Defendant**.

I,_____, acknowledge that I have read and understand the Stipulated Protective Order (the "Protective Order") in this action governing the non-disclosure of those documents and deposition testimony that have been designated as "Confidential." I agree that I will not disclose such information except as expressly permitted under this Protective Order, and at the conclusion of all of the above-captioned litigations I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order subjects me to punishment for contempt of Court and such other and further relief as the Court may deem equitable, just and proper.

Date:_____        _____
                    Signature